Santana AVILES–TORRES, Petitioner,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

No. 84–7281.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 1985.

Decided June 3, 1986.

Peter Schey, Los Angeles, Cal., for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., Allen W. Hausman, Asst. Director, Tamor Golding and Hilary S. Molay, Attys., Washington, D.C., for respondent.

Before SCHROEDER and FLETCHER, Circuit Judges, and CARROLL,* District Judge.

SCHROEDER, Circuit Judge.

Petitioner Santana Aviles-Torres seeks review of the Board of Immigration Appeals' (BIA's) refusal to grant his request for reopening of deportation proceedings to allow for consideration of new evidence in support of his application for withholding of deportation and for political asylum. The new evidence included a Salvadoran

---

* Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation.

newspaper article identifying him as a guerrilla enemy of the government. The article was published while petitioner was in El Salvador after having been erroneously deported during the pendency of his deportation appeal.

The government contends that the new evidence is immaterial to petitioner's ability to demonstrate either a clear probability of persecution, which would require withholding of deportation under section 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h), or a well-founded fear of persecution, which would trigger exercise of discretion to grant asylum under section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a). We hold that the evidence is material to both and that the BIA abused its discretion when it denied reopening.

Aviles-Torres is a twenty-nine-year-old Salvadoran. Upon his arrest, he conceded deportability and stated his intent to apply for political asylum. All requests for political asylum are also considered applications for withholding of deportation pursuant to 8 U.S.C. § 1253(h). 8 C.F.R. § 208.3(b).

In his original written application for asylum, Aviles-Torres described the widening gyre of persecution that he encountered in El Salvador. He described incidents of roadblocks, stops, searches and the dangers of arrest which created a coercive atmosphere. He also stated that his uncle was murdered in 1980 for his participation in a revolutionary group. The dangerous civil turmoil in El Salvador prompted Aviles-Torres' flight, but he intended to return when civil order was established.

The Immigration Judge (IJ) denied Aviles-Torres' application for withholding of deportation and political asylum on the ground that there had been an insufficient showing that anyone had threatened his safety. The threat, in the IJ's view, permeated Salvadoran society but was not directed at the petitioner in any particular way. Evidence of general disorder, without more, is insufficient to establish a well-founded fear or a clear probability of persecution. *Canjura-Flores v. INS*, 784 F.2d 885, 888 (9th Cir.1985); *Zepeda-Melendez v.*

*INS*, 741 F.2d 285, 289–90 (9th Cir.1984); *Zavala-Bonilla v. INS*, 730 F.2d 562, 564 (9th Cir.1984); *Martinez-Romero v. INS*, 692 F.2d 595, 595–96 (9th Cir.1982).

In September 1982, although Aviles-Torres had timely filed a notice of appeal, he was erroneously deported to El Salvador. Aviles-Torres states in his affidavit in support of the motion to reopen that, upon his return to El Salvador, Salvadoran security forces questioned him about the political groups to which he had belonged and whether he had filed for political asylum in the United States. He also claims that when he traveled to his home town he found that many of his friends, young men who had refused to join the government forces, had been banished, murdered, or simply had disappeared. Aviles-Torres alleges further that, since he had not enlisted, he automatically became considered a subversive in the government's eyes and was subject to summary arrest. Aviles-Torres asserts that he was not just one of many. He claims that any anonymity he enjoyed ended when a Salvadoran newspaper labeled him a "guerrilla" while he was still in El Salvador.

The INS allowed Aviles-Torres to return to the United States pending appeal. When he returned, he moved to reopen his deportation hearing on the basis of this new evidence. The BIA affirmed the IJ's ruling and denied the motion to reopen. It held that the petitioner had not established a prima facie showing of likelihood that he would be persecuted if he were forced to return to El Salvador.

The BIA has discretion to determine under what circumstances a proceeding should be reopened, but the exercise of its discretion may not be arbitrary, capricious, or contrary to law. *Mattis v. INS*, 774 F.2d 965, 967 (9th Cir.1985); *Patel v. INS*, 741 F.2d 1134, 1136 (9th Cir.1984). Denial of petitioner's motion to reopen therefore will be reviewed for an abuse of discretion. *INS v. Rios-Pineda*, — U.S. ——, 105 S.Ct. 2098, 2101–02, 85 L.Ed.2d 452 (1985); *Hernandez-Ortiz v. INS*, 777 F.2d 509, 513 (9th Cir.1985). To justify

reopening, a petitioner must make a prima facie showing that he is eligible for the relief sought, *INS v. Jong Ha Wang*, 450 U.S. 139, 143–44 n. 5, 101 S.Ct. 1027, 1030–31 n. 5, 67 L.Ed.2d 123 (1981) (per curiam), and explain his failure to present the evidence in the previous proceeding. 8 C.F.R. §§ 3.2, 3.8. The evidence offered must be material and the petitioner must show that the evidence was not available or could not have been presented at the former hearing. 8 C.F.R. § 3.8.

In some instances, the BIA does not abuse its discretion when it denies reopening after the petitioner has made a prima facie showing of entitlement to discretionary relief. For example, in *Rios-Pineda*, — U.S. ——, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985), the Supreme Court held that the government did not abuse its discretion in denying a motion to reopen on the basis of extreme hardship because the underlying appeal was frivolous, the intervening satisfaction of the statutory residency requirements was attributable to the petitioner's own litigation delay tactics, and because the petitioner had flagrantly violated the immigration laws in entering the United States and in refusing to voluntarily depart. *Id.*, 105 S.Ct. at 2102–03.

In *Rios-Pineda*, the aliens sought reopening of suspension of deportation proceedings on the basis of extreme hardship. The attorney general has discretion to suspend deportation on that basis. *Rios-Pineda*, 105 S.Ct. at 2100. In a case like this, however, when the alien seeks withholding of deportation under § 243(h), the BIA does not have discretion to deny relief if the alien proves a "clear probability of persecution." *INS v. Stevic*, 467 U.S. 407, 413, 421 n. 15, 104 S.Ct. 2489, 2491, 2496 n. 15 (1984).

■ When an alien seeks such mandatory relief through a motion to reopen, he bears the burden of establishing a prima facie case. *See INS v. Stevic*, 467 U.S. at 413, 104 S.Ct. at 2491. For example, in *Maroufi v. INS*, 772 F.2d 597 (9th Cir. 1985), the court found that Maroufi's evidence, even if believed, was insufficient to compel withholding of deportation. The

court noted that, "[i]t is never an abuse of discretion to deny a motion to reopen when a prima facie case for relief is not established." *Id.* at 599. *See also Vasquez v. INS*, 767 F.2d 598, 603 (9th Cir.1985).

■ Aviles-Torres' case presents a different situation. He has made out a prima facie case. The factual statements in the affidavits and other supporting material, if believed, entitle him to withholding of deportation under section 243(h). The Board has no discretion if the alien proves his claim. Accordingly, the Board must either grant the relief or remand to the Immigration Judge for hearing. *Hernandez-Ortiz v. INS*, 777 F.2d 509, 518 (9th Cir.1985). The Board must accept the factual statements in the alien's affidavits as true unless they are inherently unbelievable. *Id.* at 514. Thus, the Board could have denied Aviles-Torres' motion to reopen to assert a section 243(h) claim only if he failed to establish a prima facie case. *Id.* at 518.

■ In this case, Aviles-Torres made a prima facie showing of the likelihood of his persecution which raised factual issues warranting a hearing if not an outright grant of relief. The new evidence includes a copy of the Salvadoran newspaper article in which he is described as a guerrilla. He also seeks to submit portions of the ACLU/America's Watch Committee Report on Human Rights, which contain recently issued documentary evidence pertaining to males who refuse military service. Identification as a subversive, combined with refusal to join in the armed forces, would place Aviles-Torres in a group of prime targets for government retribution. This evidence was unavailable and could not have been presented for consideration at the first hearing; it was gathered after he had been erroneously deported while the first decision was on appeal. The facts alleged in the application, accompanied by corroborating documentation singling out petitioner, establish a prima facie case for withholding of deportation.

■ The Board also improperly concluded that Aviles-Torres did not establish prima facie eligibility for asylum. Because he presented a prima facie case for withhold-

ing of deportation, he also satisfied the more generous "well-founded fear" standard for asylum. *See Bolanos-Hernandez v. INS*, 767 F.2d 1277, 1288 (9th Cir.1984). Although the Board has broad discretion in considering petitions to reopen for discretionary relief, *see INS v. Rios-Pineda*, 105 S.Ct. at 2101, the Board in this case failed to articulate any legitimate concerns that would justify an exercise of discretion unfavorable to the petitioner. We have held that it should do so. *See Hernandez-Ortiz*, 777 F.2d at 518–19. Moreover, no factors similar to those which prompted denial of the petition in *Rios-Pineda* appear in the record in this case.[1]

We hold that the petitioner should have the opportunity fully to establish his case and to receive thoughtful consideration of it. The BIA's denial of reopening in view of the evidence presented was an abuse of discretion.

The BIA's denial of Aviles-Torres' motion for reopening is reversed and the case remanded for a grant of relief by the BIA or, at its option, for remand for further proceedings before the Immigration Judge.

Reversed and remanded.

---

1. The government argues that the petitioner himself, or through his representative, was responsible for the newspaper article. This assertion lacks support in this record, although it may underscore the need for a further hearing in order to permit an informed exercise of discretion.