977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Niaz Ahmed SHAMSI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-70321.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Niaz Ahmed Shamsi, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings in order to seek suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1). The Immigration Judge ("IJ") found Shamsi deportable under section 241(a)(2) as a nonimmigrant who remained longer than permitted. See 8 U.S.C. § 1251(a)(2). Shamsi requested a continuance of his deportation proceeding pending the adjudication and subsequent appeal of the INS's denial of the immediate relative petition. The IJ denied the request and petitioner was ordered to depart the United States voluntarily. On appeal, the BIA affirmed the IJ's denial of Shamsi's request for a continuance and found Shamsi deportable. In a separate order the BIA dismissed the appeal from the INS's denial of the immediate relative petition filed by Shamsi's wife, Kathy. Subsequently, the petitioner filed the present motion to reopen deportation proceedings.
 
 DISCUSSION
 
 3
 Shamsi seeks to reopen his deportation proceedings so that he may apply for suspension of deportation based upon extreme hardship pursuant to section 244(a) of the Act, 8 U.S.C. § 1254(a). An applicant seeking suspension of deportation must satisfy the statutory eligibility requirements and demonstrate that he merits a favorable exercise of discretion. See INS v. Rios-Pineda, 471 U.S. 444, 445-46 (1985). If a motion to reopen is properly denied on the ground that the applicant has failed to show that a favorable exercise of discretion is probable, it is unnecessary to reach other eligibility issues. See id. at 449 ("[I]f the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met."). The requested relief is within the discretion of the Attorney General even where the alien demonstrates eligibility.
 
 
 4
 A denial of a motion to reopen based upon a determination by the BIA that the movant is simply not entitled to discretionary relief is reviewed for an abuse of discretion. Id. at 451. The denial of a motion to reopen must be upheld unless it is arbitrary, irrational, or contrary to law. Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985). Nevertheless, even when the BIA denies the relief as a matter of discretion, it must still balance the equities and at least consider evidence regarding other relevant factors. See Jen Hung Ng v. INS, 804 F.2d 534, 538 (9th Cir.1986). The BIA must weigh both favorable and unfavorable factors, and it must state its reasons when weighing equities and denying relief. Ng, 804 F.2d at 538. Factual assertions in affidavits supporting a motion to reopen that are specific and not conclusory, must be accepted as true unless they are inherently unbelievable. Aviles-Torres v. INS, 790 F.2d 1433, 1436 (9th Cir.1986).
 
 
 5
 Here, the BIA determined, inter alia, that in the exercise of its discretion the motion to reopen would be denied because Shamsi accrued the requisite seven years of residence in the United States only by repeated flouting of our immigration laws. Specifically, the BIA found that Shamsi:
 
 
 6
 entered as a visitor and failed to leave when required. He has not shown that he obtained a change to student status before attending school here, and he appears to have worked without authorization during much of his stay. He attempted to gain permanent resident status by a fraudulent marriage to at least one United States citizen, and when that attempt failed he did not leave, but moved to anther state.
 
 
 7
 In Rios-Pineda, the Supreme Court reasoned that the Attorney General must certainly have discretion to consider various petitioners' individual conduct and distinguish among them on the basis of the flagrancy and nature of their violations of federal immigration law. 471 U.S. at 451 (concluding that "the Attorney General did not abuse his discretion in denying reopening based on respondents' flagrant violation of the federal law in entering the United States, as well as respondent husband's willful failure to depart voluntarily after his request to do so was honored by the INS"). As there was sufficient evidence in the record for the BIA to infer that Shamsi purposely misled the INS and undertook tactics to evade the immigration laws, we conclude that "the BIA's explanation of its decision was grounded in legitimate concerns about the administration of the immigration laws and was determined on the basis of the particular conduct of respondent[ ]." Id. at 451-52.
 
 
 8
 Our cases subsequent to Rios-Pineda, which have reversed discretionary denials of motions to reopen, indicate that there would be no abuse of discretion when the BIA could legitimately find that the petitioner's violation of immigration law was beyond the usual violation of overstaying a visa. See Gonzalez Batoon v. INS, 791 F.2d 681, 684-85 (9th Cir.1986) (en banc) ("[T]he Board in its discretion may deny relief when eligibility has been acquired by illegally entering the country or failing to depart as promised."); Israel v. INS, 785 F.2d 738, 742 (9th Cir.1986) (finding no evidence that petitioner had entered with a preconceived intent to remain or was attempting to hide from INS, and rejecting BIA's reliance on the fact that she had been found to be deportable prior to her marriage because "the fact that she had previously been found deportable ... would be true of any alien filing a motion to reopen"). Here, because Shamsi's alleged conduct goes beyond the mere overstaying of his visa, his violation of the immigration laws was a permissible factor for the BIA to consider in exercising its discretion.
 
 
 9
 Shamsi does not dispute that his first marriage was a "sham" marriage contracted in an attempt to evade the immigration laws. Rather, he argues that Congress has provided for a waiver of excludability from the United States on the basis of fraud for anyone who is the spouse of a United States citizen, as Shamsi is. See 8 U.S.C. § 1182(i). Even assuming Shamsi applied for a waiver under section 1182(i), which it appears he did not, the BIA did not abuse its discretion in declining to consider the applicability of that section. See INS v. Abudu, 485 U.S. 94, 105 (1988); see also Ng v. INS, 804 F.2d at 538. When the BIA exercises its discretion to deny the motion to reopen, it is not required to consider the applicant's statutory eligibility.
 
 
 10
 As discussed, when the BIA denies relief as a discretionary matter on the basis that petitioner has flouted the immigration laws, it is still required to balance the equities and to make clear findings indicating that it has considered factors like the nature of the petitioner's marriage and employment. A careful review of the BIA's decision in this case reveals that it adequately considered and weighed other evidence concerning relevant factors and stated its reasons for denying relief. Notwithstanding Shamsi's previous sham marriage, the BIA assumed that his current marriage was valid. It also reviewed the evidence of Shamsi's favorable employment history in the United States, his current position with New Wave Travel, his academic training in this country,[1] and the letters attesting to his good moral character. Nevertheless, the BIA determined that because of the violations of the immigration laws, an exercise of discretion in favor of granting the requested relief was unlikely. We conclude that this was not an abuse of its discretion.
 
 
 11
 The decision by the BIA to deny Shamsi's motion to reopen the deportation proceedings in order to seek suspension of deportation is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although the BIA was skeptical of whether Shamsi actually received a master's degree from Pacific University, this was reasonable inference from the evidence presented