72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto Angel GONZALEZ-AYALA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70459.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 13, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Gonzalez-Ayala petitions for review of the Board of Immigration Appeals' (BIA's) denial of his motion to reopen his deportation proceeding. We have jurisdiction under 8 U.S.C. Sec. 1105a(a) and we deny the petition.
 
 
 3
 We review the BIA's denial of a motion to reopen deportation proceedings for abuse of discretion. Delmundo v. INS, 43 F.3d 436, 439 (9th Cir.1994). "Under the abuse of discretion standard, the decision of the BIA 'will be upheld unless it is arbitrary, irrational, or contrary to law.' " Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994) (quoting Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985)).
 
 
 4
 To succeed in a motion to reopen, an alien must satisfy two requirements. He must make a prima facie showing that he is eligible for the relief sought, and explain his failure to present the evidence in the prior proceeding. Aviles-Torres v. INS, 790 F.2d 1433, 1436 (9th Cir.1986).
 
 A. Prima Facie Eligibility
 
 5
 Gonzalez was found deportable based upon marital fraud under 8 U.S.C. Sec. 1182(a)(19), as an alien who procured a visa by fraud. Under Sec. 241(f) of the Immigration and Naturalization Act (Act), 8 U.S.C. Sec. 1251(f),[1] deportation of aliens who procured a visa or entry into the United States by fraud may, "in the discretion of the Attorney General, be waived" if the alien is the "spouse, parent, or child of a citizen of the United States...."
 
 
 6
 To make his prima facie showing of eligibility for waiver under Sec. 241(f), Gonzalez submitted a copy of his child's birth certificate with his motion to reopen. This birth certificate establishes that he is the parent of a United States citizen born on July 14, 1984. Gonzalez has therefore established prima facie eligibility for waiver under Sec. 241(f).
 
 
 7
 B. Failure to present evidence at the prior deportation proceeding
 
 
 8
 Gonzalez claims that the BIA abused its discretion in denying his motion to reopen because his failure to present the evidence in the prior proceeding was due to (1) the failure of the Immigration Judge (IJ) to inform Gonzalez of the availability of the waiver and (2) the ineffective assistance of his counsel. This argument lacks merit.
 
 
 9
 First, the IJ did not have a duty to inform Gonzalez of the waiver. It is not clear whether 8 C.F.R. Sec. 242.17(a) requires an IJ to inform a respondent of apparent eligibility for Sec. 241(f) relief. For the purposes of the present case, we need not decide this issue. Bu Roe v. INS, 771 F.2d 1328, 1334 (9th Cir.1985). Assuming that such a duty exists, the duty did not arise in the present case because Gonzalez did not meet his burden of demonstrating his apparent eligibility for the waiver. See id.
 
 
 10
 At the time of the IJ's initial deportation order, there was no evidence in the record which would raise a reasonable possibility that Gonzalez may have been eligible for Sec. 241(f) relief. Gonzalez did not present evidence of the existence of his child until his motion to reopen. Thus, Gonzalez failed to present the IJ with evidence of his apparent eligibility for the waiver at the deportation hearing. Therefore, the IJ did not have a duty to inform Gonzalez of the availability of Sec. 241(f) relief, and the BIA did not abuse its discretion in denying Gonzalez's motion to reopen. See id.
 
 
 11
 Second, Gonzalez did not satisfy the requirements of Matter of Lozada, 19 I & N Dec. 637 (BIA1988). This court therefore rejects his ineffective assistance of counsel claim.
 
 
 12
 To succeed on a motion to reopen deportation proceedings based upon a claim of ineffective assistance of counsel, the following requirements must be met: (1) the motion must "be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts ..."; (2) the "former counsel must be informed of the allegations and allowed the opportunity to respond;" and (3) "if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." Id. at 639.
 
 
 13
 In the present case, Gonzalez has not followed these procedures. The motion to reconsider did not include any affidavit or any other statement at all regarding whether Sec. 241(f) relief was ever discussed with him and what understanding, if any, was reached, or whether he had ever even advised counsel of the existence of the child. The motion did not include evidence that counsel had been informed of the allegations made against him, or whether any complaint had been filed with appropriate disciplinary authorities.
 
 
 14
 Gonzalez did submit a copy of a letter sent to his former counsel on September 9, 1988. However, this letter was sent after the IJ's denial of Gonzalez's motion to reopen. Furthermore, the letter did not fulfill the requirement that counsel be informed of the allegations of ineffective assistance of counsel made against him.
 
 
 15
 Because Gonzalez has not fulfilled the requirements of Matter of Lozada, so as to be able to raise the issue of ineffective assistance of counsel before the BIA, the BIA did not abuse its discretion in denying Gonzalez's motion to reopen.
 
 C. Defective deportation hearing
 
 16
 Gonzalez also claims that he is entitled to the favorable exercise of discretion in reopening because of a defective deportation hearing. Gonzalez did not appeal the issue of deportability to the BIA after the IJ's decision, and did not raise it in his motion to reopen. Gonzalez has therefore waived his right to appeal on this claim. See Lee v. INS, 685 F.2d 343, 343 (9th Cir.1982) (holding that the requirement that a petition appealing an IJ's deportation order be filed within six months from the date of the order is mandatory and jurisdictional).
 
 
 17
 Petition for review DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Act has been amended since the Immigration Judge's original deportation order and denial of the motion to reopen. All references to the Act will be to the version of the Act in effect at the time of the Immigration Judge's decisions in 1987 and 1988