79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Jose CISNEROS; Maria Asuncion Cisneros; Hjolmar
Cisneros, aka Hjalmar Cisneres, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70402.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Jose Cisneros, his wife, Maria Asuncion Cisneros, and his son, Hjolmar Cisneros (the "Cisneroses") are natives and citizens of Nicaragua. The Cisneroses petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen proceedings for consideration of an application for suspension of deportation under 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for an abuse of discretion, Aviles-Torres v. INS, 790 F.2d 1433, 1435 (9th Cir.1986), and deny the petition.
 
 
 3
 The Cisneroses contend that because they presented sufficient new and material evidence of extreme hardship, the BIA abused its discretion by denying their motion to reopen.
 
 
 4
 To be eligible for a suspension of deportation, a petitioner must show, among other factors, that his deportation would result in "extreme hardship" either to the petitioner or to spouses, parents, or children who are citizens or legal residents of the United States. 8 U.S.C. § 1254(a)(1) (1988); INS v. Jong Ha Wang, 450 U.S. 139, 139-40 (1981) (per curiam). The BIA does not abuse its discretion by denying a motion to reopen when a petitioner fails to establish a prima facie case for relief. Hernandez-Ortiz v. INS, 777 F.2d 509, 513 (9th Cir.1985). A prima facie case is established when a petitioner presents affidavits or other evidentiary material which, if true, would meet the substantive requirements for relief. Id.; 8 C.F.R. § 103.5 (1995). Moreover, the evidence presented must be new and material to the proceedings. Aviles-Torres, 790 F.2d at 1436. When the BIA denies a motion to reopen after considering the merits, it must clearly articulate the factors it has considered and the basis for its discretionary determination. Hernandez-Ortiz, 777 F.2d at 519.
 
 
 5
 We review determinations of "extreme hardship" for an abuse of discretion. Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991). Suspension of deportation based on a finding of "extreme hardship" is an exceptional remedy and the BIA has the authority to construe "extreme hardship" narrowly. Jong Ha Wang, 450 U.S. at 145; Hassan, 927 F.2d at 467. Economic disadvantage alone does not constitute "extreme hardship." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 6
 Here, the Cisneroses submitted several documents in support of their motion to reopen, without explaining their relevance.[1] The BIA determined that this documentation alone was insufficient to establish prima facie eligibility for suspension of deportation because the Cisneroses failed to show what hardship they would suffer if they returned to Nicaragua. Based on a review of the administrative record, this determination was not an abuse of the BIA's discretion. See Hernandez-Ortiz, 777 F.2d at 519. The BIA articulated several factors that entered into its decision, noting that deportation involves some hardship in almost every case, but that "extreme hardship" is narrowly interpreted and the elements required to establish it are dependent on each case. The BIA pointed out that the Cisneroses have numerous family members living in Nicaragua who could aid them with their reintegration into Nicaraguan society. The BIA also correctly noted that while the Cisneroses might not be able to enjoy the same standard of living in Nicaragua as they had in the United States, economic hardship alone does not satisfy the showing of "extreme hardship" necessary for a suspension of deportation. See Ramirez-Durazo, 794 F.2d at 498.
 
 
 7
 Because the Cisneroses did not show that they would suffer "extreme hardship" upon being deported, they failed to establish prima facie eligibility for suspension of deportation, and the BIA did not abuse its discretion by denying their motion to reopen. See Aviles-Torres, 790 F.2d at 1435.[2]
 
 The petition for review is
 
 8
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This documentation consisted of copies of income tax returns, his citizen child's birth certificate, grant deeds, report cards, letters from employers, business permits, and various certificates of achievement
 
 
 [2]
 Because we deny the Cisneroses' petition on their first contention, it is unnecessary to reach their alternative contention that their motion did, in fact, state whether the validity of the deportation order had ever been the subject of judicial proceedings