89 F.3d 848
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yerwent VARTANIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70272.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yerwent Vartanian, native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen to apply for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we grant the petition.
 
 
 3
 We review the BIA's denial of a motion to reopen for an abuse of discretion. Aviles-Torres v. INS, 790 F.2d 1433, 1435 (9th Cir.1986). The BIA's discretion is not entirely unchecked and the BIA is required to "state its reasons and show proper consideration of all factors when weighing equities and denying relief." Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985). Furthermore, the BIA is not assumed to have "considered factors that it failed to mention in its decision." Casem v. INS, 8 F.3d 700, 702 (9th Cir.1993).
 
 
 4
 To be eligible for suspension of deportation, Vartanian must show, among other things, that his deportation would result in "extreme hardship" either to himself or to his United States citizen or lawful permanent resident spouse, parent, or child. 8 U.S.C. § 1254(a)(1); INS v. Jong Ha Wang, 450 U.S. 139, 139-40 (1981) (per curiam). A prima facie case is established when an alien presents affidavits or other evidentiary materials which, if true, would meet the substantive requirements for relief. Hernandez-Ortiz v. INS, 777 F.2d 509, 513 (9th Cir.1985); 8 C.F.R. § 103.5(a)(2).
 
 
 5
 Here, in addressing Vartanian's prima facie eligibility for suspension of deportation, the BIA briefly considered the hardship to Vartanian's United States citizen son if the child were to accompany his father to Syria. However, the BIA overlooked Vartanian's declaration, in which he stated that he would not want his son to have to go to Syria and that separation from his son "would completely devastate both of us." The BIA's cursory consideration of the hardship to Vartanian's son "falls short of the consideration of the 'specific circumstances of citizen children' and the 'express and considered conclusion as to the effect of those circumstances upon those children' that is required by this circuit." Delmundo v. INS, 43 F.3d 436, 443 (9th Cir.1994) (quoting Cerrillo-Perez v. INS, 809 F.2d 1419, 1426 (9th Cir.1987).
 
 
 6
 The BIA also failed to consider the hardship to Vartanian's lawful permanent resident wife. Vartanian's deportation may force her to choose between moving to Syria or abandoning her husband and raising her two children alone in the United States. Cf. Watkins v. INS, 63 F.3d 844, 848-49 (9th Cir.1995).
 
 
 7
 In denying the motion to reopen in the exercise of its discretion, the BIA failed to consider the favorable and unfavorable factors surrounding Vartanian's failure to report for deportation. See Mattis, 774 F.2d at 968. The BIA discounted Vartanian's "dental problems" without considering whether Vartanian was febrile and suffering from "delirium" on the date in question and whether his doctor had advised him not to travel. Such cursory consideration is an abuse of discretion. See id.
 
 
 8
 Accordingly, we grant the petition for review and remand for further proceedings.
 
 PETITION FOR REVIEW GRANTED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Vartanian's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA did not abuse its discretion in denying Vartanian's motion to reopen based upon ineffective assistance of counsel because Vartanian failed to comply with the requirements of Matter of Lozada, 19 I & N Dec. 637 (BIA 1988), aff'd 857 F.2d 10 (1st Cir.1988). See Ramirez-Durazo v. INS, 794 F.2d 491, 500 (9th Cir.1986) (alien must establish that assistance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause)