145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdul Ganny JAJI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 94-70013, 94-70609.
INS No. Alk-kan-sid.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1998.**
Decided June 12, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before REINHARDT, THOMPSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Abdul Ganny Jaji, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals ("BIA") denial of two motions to reopen proceedings on Jaji's application for suspension of deportation based on extreme medical hardship, pursuant to 8 U.S.C. § 1254(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We review the BIA's denial of a motion to reopen for abuse of discretion, see Urbina-Osejo v. INS, 124 F.3d 1314, 1316 (9th Cir.1997), and we grant the petition.
 
 
 3
 Jaji contends that the BIA abused its discretion in denying his October 20, 1993 motion to reopen by failing to accept Jaji's affidavits as true. We agree.
 
 
 4
 The BIA may deny a motion to reopen by making a determination that the petitioner (1) failed "to establish a prima facie case for the relief sought," (2) failed "to introduce previously unavailable, material evidence," or (3) "would not be entitled to the discretionary grant of relief which he sought" if factors (1) and (2) were met. Watkins v. INS, 63 F.3d 844, 847 (9th Cir.1995) (internal quotations ommited); see Gutierrez-Centeno v. INS, 99 F.3d 1529, 1531-32 (9th Cir.1996). In evaluating the motion under these criteria, the BIA must accept the movant's affidavits as true unless it finds them "inherently unbelievable." Aviles-Torres v. INS, 790 F.2d 1433, 1436 (9th Cir.1986); see Sakhavat v. INS, 796 F.2d 1201, 1203 (9th Cir.1986) (stating that BIA may not make credibility determinations in evaluating motion to reopen).
 
 
 5
 Here, the BIA denied Jaji's October 20, 1993 motion to reopen on the basis that Jaji did not demonstrate "that his deportation will cause his mental health to further deteriorate." In making this determination, the BIA rejected the affidavit of an INS psychiatrist who withdrew his earlier opinion (upon which the BIA relied in denying Jaji's application for suspension of deportation) that immediate deportation would be in Jaji's best medical interest. The psychiatrist stated that deporting Jaji would worsen his mental illness. The psychiatrist explained that his opinion changed because Jaji was no longer incarcerated and was voluntarily participating in a residential mental health treatment program. The BIA rejected the psychiatrist's new opinion as being "completely at odds" with his previous recommendation that Jaji be deported. In doing so, the BIA abused its discretion by failing to accept as true the psychiatrist's explanation why his opinion changed. See Sakhavat, 796 F.2d at 1203; Aviles-Torres, 790 F.2d at 1436. Taken as true, that explanation reconciles the psychiatrist's otherwise contradictory opinions. Thus, by implicitly making an improper credibility determination, the BIA "ignor[ed] an important aspect of the medical evidence" supporting Jaji's motion to reopen. See Watkins, 63 F.3d at 849 (quoting Batoon v. INS, 707 F.2d 399, 402 (9th Cir.1983)).
 
 
 6
 Accordingly, the BIA abused its discretion in denying Jaji's October 1993 motion to reopen, and in denying his December 1995 motion to reopen in which the BIA reconsidered the psychiatrist's affidavit. See Sakhavat, 796 F.2d at 1203.
 
 
 7
 PETITION FOR REVIEW GRANTED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)