
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRA BRITO-DELGADO, | No. 05-77365 |
| Petitioner, | Agency No. A092-429-765 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2010**
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK,***
District Judge.

Alejandra Brito-Delgado petitions for review of the Board of Immigration

Appeals' ("BIA") decision affirming an immigration judge's denial of her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

The parties are familiar with the facts of the case so we do not repeat them here. The BIA's factual determination that Brito-Delgado arrived in the United States in July 1986 is supported by substantial evidence. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *see also* 8 U.S.C. § 1252(b)(4)(B). Because Brito-Delgado arrived in July 1986, she could not qualify for amnesty under the Seasonal Agricultural Workers Program. 8 U.S.C. § 1160(a)(1)(B), (a)(2) (allowing adjustment to permanent resident status to aliens previously granted temporary residence due to performance of "seasonal agricultural services in the United States for at least 90 man-days, during the 12-month period ending on May 1, 1986"). Thus, the BIA correctly found that Brito-Delgado is not eligible for cancellation of removal under 8 U.S.C. § 1229b(a), because she was not "lawfully admitted for permanent residence." *See Segura v. Holder*, No. 08-72062, 2010 WL 2089396, at *3 (9th Cir. May 26, 2010) ("Although an alien may have been admitted for permanent residence, he has not been *lawfully* admitted for permanent residence if he was precluded from obtaining permanent resident status due to an inability to meet the prerequisites." (citing *Monet v. INS*, 791 F.2d 752, 755 (9th Cir. 1986))).

Brito-Delgado's cancellation of removal hearing did not violate due process; she was on notice that lawful permanent resident status was a prerequisite for cancellation of removal, *see* 8 U.S.C. § 1229b(a)(1), and was given a reasonable opportunity to present her case, *see Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 380 (9th Cir. 2003) (en banc) ("A BIA decision violates due process if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." (quoting *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001))).

Finally, the BIA did not abuse its discretion in denying Brito-Delgado's motion to remand. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law.'" (quoting *Lainez-Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996))). First, the additional evidence Brito-Delgado sought to present was available during her original hearing. *See* 8 C.F.R. § 1003.2(c)(1). Second, Brito-Delgado failed to establish a prima facie case of eligibility for the underlying relief sought, *see Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1988) (quoting *Aviles-Torres v. INS*, 790 F.2d 1433, 1436 (9th Cir. 1986)), because her new evidence directly contradicts her own testimony at the hearing.

**PETITION FOR REVIEW DENIED.**

3