18-3300
*Singh v. Rosen*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-one.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BILBIR SINGH, AKA BALWINDER SINGH,
                    *Petitioner*,


          -v-                                         18-3300


JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
                    *Respondent*.[1]


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[1]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Jeffrey A. Rosen is substituted for former Attorney General William P. Barr as the respondent in this case.

FOR PETITIONER:  VISUVANATHAN RUDRAKUMARAN (Richard W. Chen, *on the brief*), New York, NY.

FOR RESPONDENT:  WILLIAM K. LANE III, Trial Attorney; Elizabeth R. Chapman, Trial Attorney; Office of Immigration Litigation, *for* Jeffrey Bossert Clark, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the BIA's decision is **VACATED,** and the matter is **REMANDED** for further proceedings.

Petitioner Bilbir Singh, a native and citizen of India, seeks review of an October 3, 2018 decision of the BIA affirming a February 23, 2018 decision of an Immigration Judge ("IJ") denying Singh's motion to reopen to apply for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Bilbir Singh,* No. A 071 040 540 (B.I.A. Oct. 3, 2018), *aff'g* No. A 071 040 540 (Immig. Ct. N.Y. City Feb. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we review the IJ's decision as modified by the BIA, *i.e.*, minus the findings on which the BIA declined to rely. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Here, the BIA affirmed only the IJ's discretionary denial of reopening, holding: "We agree with the [IJ] that, even if the

2

[petitioner] had otherwise demonstrated that reopening is warranted, he has not shown that he merits a favorable exercise of discretion." Certified Administrative R. at 3. Accordingly, only the BIA's affirmance of the IJ's discretionary denial of Singh's motion to reopen is properly before us.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion "may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

An alien seeking to reopen proceedings to apply for new relief may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.23(b)(1). It is undisputed that Singh's 2017 motion to reopen was filed 24 years after the IJ ordered him deported in absentia. The time limit does not apply, however, if reopening is sought to apply for asylum and the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R.

3

§ 1003.23(b)(4)(i). An alien seeking reopening "must also establish *prima facie* eligibility for [the relief sought], *i.e.,* a realistic chance that he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks omitted).

Here, the BIA assumed that Singh had demonstrated that reopening was "warranted" -- that is, that his *prima facie* eligibility had been made out -- but then denied his motion to reopen as a matter of discretion based on Singh's history of evading immigration laws. Certified Administrative R. at 4-5. It is not clear to us whether, once the BIA assumed that Singh had met the requirements for withholding of removal, it had the discretion to deny relief. The BIA did not discuss the basis for its conclusion that it had discretion to deny relief, but relied on two cases: *INS v. Doherty*, 502 U.S. 314, 323 (1992), and *INS v. Abudu*, 485 U.S. 94, 105 (1988).[2]

In *Doherty*, the Court held that "[t]he granting of a motion to reopen is . . . discretionary, and the Attorney General has broad discretion to grant or deny such motions." 502 U.S. at 323 (citation and internal quotation marks omitted). On the other hand, there is language in *Abudu* to the effect that where an alien shows he is entitled to withholding of removal, the agency does *not* have discretion to deny reopening:

> [I]n cases in which the ultimate grant of relief is
> discretionary (asylum, suspension of deportation, and
> adjustment of status, *but not withholding of deportation*), the
> BIA may leap ahead, as it were, over the two threshold
> concerns (prima facie case and new evidence/reasonable

---

[2]     The BIA also cited 8 C.F.R. § 1003.23(b)(1)(iv), but that regulation does not address the issue of discretion.

4

explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief.

485 U.S. at 105 (emphasis added); *see also Aviles-Torres v. INS*, 790 F.2d 1433, 1436 (9th Cir. 1986) ("The Board has no discretion [to deny reopening] if the alien proves his [withholding] claim."); *Mariuta v. Gonzales*, 411 F.3d 361, 364-65 (2d Cir. 2005) ("*Abudu* stands for the proposition that where the underlying relief sought is itself discretionary in nature, the BIA may deny a motion to reopen if it determines that it would ultimately exercise discretion to deny that relief."). We note that asylum relief is discretionary in nature while withholding of removal, like CAT relief, is not.

The BIA did not cite 8 C.F.R. § 1003.2(a), which provides, in part:

The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. *The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.*

(emphasis added). The regulation was promulgated by the Attorney General in 1996, well after *Abudu* and *Doherty* were decided. *See* 61 Fed. Reg. 18,900, 18,904 (Apr. 29, 1996). Regulation 1003.2(a) thus makes no mention of the distinction that *Abudu* seems to have made between discretionary and non-discretionary grants of relief. Because the BIA did not cite or discuss 8 C.F.R. § 1003.2(a), it is not clear the extent to which the BIA relied on the regulation, if at all.

5

On appeal, the parties have provided little assistance. Singh argues, in conclusory fashion, that the BIA misapplied the standard as set forth by the Supreme Court in *Doherty* and that "once an alien establishes a prima facie case for withholding of deportation and brings new evidence, the Attorney General is without discretion to deny a motion to reopen." Pet'r's Br. at 18-19; *see also id*. at 24. But he does not explain the statement, and cites *Abudu* only in passing and not to support this proposition. While the government does briefly mention *Abudu* and cites 8 C.F.R. § 1003.2(a) in passing, *see* Resp. Br. at 9, 11-12, it does not address the issue of whether, under *Abudu* and after the promulgation of 8 C.F.R. § 1003.2(a), the agency had discretion to deny the motion to reopen once the BIA assumed Singh had met the requirements for withholding of removal.

Accordingly, we remand the case to the agency to consider the issue of whether, if it *assumes* that Singh has "demonstrated that reopening is warranted," Certified Administrative R. at 3, it has the *discretion* to deny the application for relief. In answering this question, the agency shall consider the interplay among *Doherty*, *Abudu* (and in particular the language quoted above), and 8 C.F.R. § 1003.2(a). *See Poradisova*, 420 F.3d at 77 ("[W]e require a certain minimum level of analysis from . . . BIA opinions . . . if judicial review is to be meaningful."). Alternatively, of course, the agency may wish to decide whether Singh *has* demonstrated that reopening is warranted, that is, whether Singh has established *prima facie* eligibility for the relief sought, as the answer

to that question could obviate the need to decide the prior question. If the agency decides that Singh has shown thar reopening is warranted, then the issue of whether it has discretion to deny the application will be squarely presented.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED,** the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** to the BIA for further proceedings. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7