Jen Djuan TAN, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

Nos. 02–73212, 03–71195, A77–816–297.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Sept. 1, 2004.

Sharon Dulberg, McVey, Mullery & Dulberg, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, John C. Cunningham, Esq., Cindy S. Ferrier, Hillel Smith, Washington, DC, CAC–District Counsel, Los Angeles, CA, Norah Ascoli Schwarz, Esq., John C. Cunningham, Ann Carroll Varnon, Anthony W. Norwood, Washington, DC, for Respondent.

Before FERNANDEZ, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Jen Djuan Tan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' denial of his application for asylum and withholding

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of removal, and denial of his motion to reopen. We deny his petitions.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir. 1996) (en banc) (citation omitted). And either must be on account of a protected ground. *Id.*

■ Here, Tan's claim to asylum fails because the IJ's decision was the final agency action, and the IJ determined that Tan was not persecuted on account of his race or religion. That determination was supported by substantial evidence, which demonstrated that the harm visited upon Tan was discriminatory and improper, but not persecutory. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003); *Fisher,* 79 F.3d at 961; *Prasad v. INS,* 47 F.3d

336, 339 (9th Cir.1995). Nor did he submit evidence that would compel a determination that he had a well founded fear of future persecution on those bases.[1] *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001); *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000).

We decline to consider whether the BIA properly denied Tan's Convention Against Torture[2] claim because he has failed to properly brief the issue, although he does briefly allude to it. *See Morales v. Woodford,* 336 F.3d 1136, 1144 n. 14 (9th Cir. 2003); *United States v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996); *United States v. Vought,* 69 F.3d 1498, 1501 (9th Cir.1995); *Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss),* 67 F.3d 1394, 1402 (9th Cir. 1995).

Tan also appeals the BIA's denial of his motion to reopen. We recognize that motions to reopen are disfavored. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 724, 116 L.Ed.2d 823 (1992). Nevertheless, we review their denial for abuse of discretion. *See Lin v. Ashcroft,* 356 F.3d 1027, 1034 (9th Cir.2004). The BIA did not abuse its discretion here.

■ First, to the extent that the motion was based upon ineffective assistance of counsel, the BIA could, and did, determine that counsel was not ineffective because there was not a shred of evidence that Tan ever told counsel about the basis he sought to raise in his motion to reopen—the claim that he was attacked because he was homosexual. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1022–23 (9th Cir.2004). The BIA could decide that counsel is not required to divine claims that his client never

1. Because Tan did not meet the eligibility requirements for asylum, he was not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) either. *See Ghaly,* 58 F.3d at 1429.

2. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

even alludes to. *Id.* at 1023; *see also Wang v. Ashcroft*, 367 F.3d 25, 27–29 (1st Cir.2004). We have not overlooked the fact that at one point counsel had obtained a continuance in order to acquire emergency room records; he did so. But there, again, there was no information from Tan himself on the real cause of the difficulties reflected in those records (depression and the like), and neither counsel nor the IJ nor the BIA could be expected to engage in extispicy rather than law. *See Azanor*, 364 F.3d at 1023; *Munoz v. Ashcroft*, 339 F.3d 950, 955 (9th Cir.2003).

■ Second, to the extent that the motion was based on newly discovered evidence, it necessarily failed because the evidence was not new at all—it related to events of long ago, which Tan had not chosen to reveal at an earlier time. *See* 8 C.F.R. § 1003.2(c)(1); *Lainez–Ortiz v. INS*, 96 F.3d 393, 395–96 (9th Cir.1996). Tan's attempt to conflate motions to reopen to state an asylum claim for the first time, or to spell out changed circumstances, with motions to reopen in general avails him nothing; in either case, he would need to meet the newly discovered evidence requirement, which he did not do. *See Lainez–Ortiz*, 96 F.3d at 395–96.

Petitions DENIED.

PAEZ, Circuit Judge, concurring and dissenting.

I concur in the disposition of Tan's original application for relief in Case No. 02–73212. I respectfully dissent, however, from the disposition of Tan's motion to reopen in Case No. 03–71195. Jen Djuan Tan has presented a compelling case for reopening the immigration proceedings in this case—that he was provided ineffective assistance of counsel at his removal hearing. In my view, the Board of Immigration Appeals abused its discretion in denying Tan's motion to reopen. Accordingly, I would grant the petition for review with regard to his motion to reopen (Case No. 03–71195) and remand for further proceedings.

Tan, a gay Chinese citizen of Indonesia, was raped by three Muslim natives in a public bathroom in 1989. Although he discussed the incident with his counsel, Tan did not disclose (1) that he had been raped or (2) that the three men targeted him on account of his sexual orientation. In his motion to reopen, Tan explains that his initial reluctance to volunteer these details stemmed from his lingering trauma from the rape and his internalized shame about his sexual orientation. When counsel later acknowledged that he knew that Tan was gay, Tan specifically asked whether he should disclose his sexual orientation to the immigration judge and whether "it was in any way relevant to [his] case." Without asking *any* questions, counsel advised Tan not to mention his sexual orientation to the immigration judge.

Accepting Tan's version of events as true,[1] he has sufficiently demonstrated that his counsel's ineffective assistance resulted in "a denial of due process under the Fifth Amendment [because] the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *See, e.g., Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985)). By advising Tan not to disclose his sexual orientation, counsel foreclosed a potentially meritorious claim of sexual orientation persecution and effectively denied Tan the opportunity

---

1. In evaluating a motion to reopen, we are "required to accept the facts stated in the alien's affidavit unless they are inherently unbelievable." *See Ordonez v. INS*, 345 F.3d 777, 786 (9th Cir.2003).

to bring his full claims before the immigration judge. *See Lin v. Ashcroft,* 377 F.3d 1014, 1025 (9th Cir.2004) (holding that the Board of Immigration Appeals abused its discretion in denying a motion to reopen where counsel had failed to investigate and present the factual and legal basis of an asylum claim).

Counsel's advice is especially troubling in light of his failure to ask Tan whether he had suffered past persecution in Indonesia on account of his sexual orientation, or whether he feared future persecution in Indonesia on account of his sexual orientation. Simple perlustration, well short of extispicy, would have revealed that Tan had a potentially viable asylum claim based on his sexual orientation.[2] "Counsel's unreasonable failure to investigate and present the factual and legal basis of [his client's] asylum claim would itself amount to ineffective assistance of counsel." *Id.*

The majority faults Tan for not explicitly informing his counsel that he was attacked in 1989 *because* he was homosexual. Memorandum at 4. This erroneously shifts the focus away from his counsel's failure to ask Tan whether he was persecuted because of his sexual orientation to Tan's reluctance to volunteer information about his sexual assault. *See Maravilla v. Ashcroft,* 381 F.3d 855, 857–58 (9th Cir.2004) ("By presuming that petitioners should have presented the evidence, the [Board]

short-circuits the central questions: whether *their counsel* was unconstitutionally ineffective in failing to present the evidence and, if so, whether petitioners were prejudiced by their counsel's performance.") (emphasis added). We have noted that rape victims are often reluctant to reveal information about their sexual assault. *See Kebede v. Ashcroft,* 366 F.3d 808, 811 (9th Cir.2004); *Paramasamy v. Ashcroft,* 295 F.3d 1047, 1053 (9th Cir. 2002). Tan, who did not know that his sexual orientation was a potential ground for asylum, should not be faulted for failing to press the issue of sexual orientation after his counsel implied that it was not relevant. *See Rodriguez–Lariz,* 282 F.3d at 1225 (rejecting the government's argument that petitioners waived their rights by relying on counsel because "[p]etitioners were unfamiliar with the INS' administrative process and relied on [their attorney] to protect their interests"); *see also Monjaraz–Munoz v. INS,* 327 F.3d 892, 896 (9th Cir.2003) ("it is reasonable that an alien would give effective control of his or her case to retained counsel").

Tan's "right to a full and fair presentation of his [asylum] claim included the right to have an attorney who would present a viable legal argument on his behalf supported by relevant evidence...." *Lin,* 377 F.3d at 1025. Here, counsel knew that Tan had been persecuted in Indonesia and that Tan was gay, but never investigated the possible connection between these two

2. Counsel acknowledged that he knew Tan was gay in April 2001. By that time, both the Ninth Circuit and the Board of Immigration Appeals had held that homosexuals were "a particular social group" eligible for asylum relief. *See Hernandez–Montiel v. INS,* 225 F.3d 1084, 1093–94 (9th Cir.2000); *In re Toboso–Alfonso,* 20 I & N Dec. 819, 822–23 (BIA 1990). In fact, in his affidavit, counsel acknowledged that an alien's sexual orientation was "a crucial fact" in an asylum claim and that he previously had "tried and won gay-Indonesian-Chinese asylum cases before the

Immigration Court." A reasonably competent counsel, armed with this information and experience, would not have advised his client to remain silent about his sexual orientation— at least without first determining whether his client's sexual orientation was related to any possible claim of persecution. Having acknowledged that Tan's homosexuality was a potentially relevant issue, counsel's failure to "investigate thoroughly resulted from inattention, not reasoned strategic judgment." *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 2537, 156 L.Ed.2d 471 (2003).

facts. And when Tan asked whether he should reveal his sexual orientation to the immigration judge, counsel advised him not to disclose his sexual orientation. In my view, a reasonably competent counsel would have acted otherwise. *See Maravilla*, 381 F.3d at 857–58 (explaining that consideration of ineffective assistance claims should *begin* by asking "if competent counsel would have acted otherwise").

\* \* \* \* \* \*

"[W]e have reopened proceedings where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening." *Ordonez*, 345 F.3d at 785 (internal quotation marks omitted). I believe that this is such a case. Accordingly, I would grant Tan's petition for review with regard to the motion to reopen.