**Jose Leandro LAINEZ– ORTIZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 94–70214.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 1995.

Decided Sept. 16, 1996.

**394**

J. Matthew Geyman and Matthew R. Harris, Heller, Ehrman, White & McAuliffe, Seattle, Washington, for petitioner.

David V. Bernal and Hugh Mullane, Attorneys, Immigration and Naturalization Service, Department of Justice, Washington, DC, for respondent.

Before: REINHARDT and TROTT, Circuit Judges, and SCHWARZER,* Senior District Judge.

\* Honorable William W Schwarzer, Senior District Judge for the Northern District of California,

**SCHWARZER, Senior District Judge:**

Jose Leandro Lainez–Ortiz petitions for review of the decision of the Board of Immigration Appeals ("BIA"). The BIA dismissed Lainez–Ortiz's appeal of the Immigration Judge's ruling finding him deportable and denied his motion to reopen to file an initial application for asylum. Lainez–Ortiz challenges the BIA's decision on the ground that the denial of his motion to reopen his deportation proceeding to apply for political asylum was an abuse of discretion. We have jurisdiction under 8 U.S.C. § 1105a and deny the petition for review.

### BACKGROUND

Petitioner is a 32–year–old citizen of Honduras. He claims that he fled Honduras in fear for his life on July 25, 1990. On September 6, 1990, he entered the United States without inspection. The Immigration and Naturalization Service immediately issued an Order to Show Cause why he should not be deported under Section 241(a)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2). He appeared before the Immigration Judge ("IJ") on September 12, 1990, and requested time to consult with an attorney. Three weeks later, at his next deportation hearing, he still had not consulted with an attorney. During this second deportation hearing, the IJ explained to petitioner that he had the right to apply for asylum and explicitly asked him whether he had any reason to fear returning to Honduras and whether he was interested in applying for asylum. Petitioner indicated that he had no fear of returning and that he did not wish to file for asylum. The IJ found petitioner to be deportable and ordered him deported to Honduras.

Petitioner appealed the Order of Deportation. Six weeks later, on November 26, 1990, while the appeal was pending before the BIA, petitioner filed a motion to reopen the proceedings to apply for asylum and withholding of deportation under sections 208(a) and 243(h) of the INA, 8 U.S.C. §§ 1158(a) and 1253(h). He submitted an affidavit in

sitting by designation.

support of the motion, setting forth the facts supporting his *prima facie* claim of asylum. Petitioner alleged government persecution in Honduras based upon his political activities and opinions and stated that he feared he would be unable to escape persecution upon returning to Honduras.

On February 7, 1994, the BIA dismissed petitioner's appeal and denied his motion to reopen. It stated, in relevant part, that "a party seeking to reopen deportation proceedings must state the new facts that the party intends to establish, supported by affidavits or other evidentiary material. 8 C.F.R. §§ 3.2; 3.8...." Petitioner now appeals the denial of his motion to reopen.

## DISCUSSION

■ We review the denial of a motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 724–25, 116 L.Ed.2d 823 (1992); *INS v. Abudu*, 485 U.S. 94, 105, 108 S.Ct. 904, 912, 99 L.Ed.2d 90 (1988). The BIA's ruling will not be disturbed unless it acted arbitrarily, irrationally, or contrary to the law. *Israel v. INS*, 785 F.2d 738, 740 (9th Cir.1986) (citing *Sangabi v. INS*, 763 F.2d 374, 375 (9th Cir. 1985)).

■ Petitioner claims that the BIA abused its discretion in summarily dismissing his motion to reopen the deportation proceedings to allow him to apply for asylum. He contends that he "reasonably explained" his failure to request asylum before the completion of the proceedings as required by 8 C.F.R. § 208.4 (1991). He also contends that the evidence submitted in support of his asylum claim constitutes "previously unavailable, material evidence" under 8 C.F.R. §§ 3.2, 3.8 (1991) and established a *prima facie* case for asylum.

■ The BIA has considerable discretion concerning motions to reopen. *Doherty*, 502 U.S. at 323, 112 S.Ct. at 724–25. Here, the BIA based its denial of petitioner's motion to reopen on 8 C.F.R. §§ 3.2 and 3.8 (failure to state new facts). The question before us is whether it abused its discretion or acted contrary to the law. In reaching our decision, we are mindful of the Supreme Court's

admonition that motions to reopen deportation proceedings are disfavored. *Id.* (citing *INS v. Abudu*, 485 U.S. at 107–08, 108 S.Ct. at 913–14 (1988)).

The regulations at issue in this case are clear and unambiguous. Section 3.2 states that "motions to reopen ... *shall not be granted* unless it appears to the Board that evidence sought to be offered ... was not available and could not have been discovered or presented at the former hearing...." 8 C.F.R. § 3.2 (1991) (emphasis added). Section 3.8(a) states that "motions to reopen shall state the new facts to be proved...." 8 C.F.R. § 3.8(a)(1991). In addition, section 208.4(b)(3) provides that where, as here, an initial claim for asylum is made after completion of deportation proceedings, an application "*shall be filed* ... in conjunction with a motion to ... reopen *pursuant to 8 C.F.R. 3.2 and 3.8* where applicable." 8 C.F.R. § 208.4(b)(3) (1991) (emphasis added). Section 208.4(b)(4) adds the further requirement that motions to reopen for an asylum claim "must reasonably explain the failure to request asylum prior to completion of the ... deportation proceedings." 8 C.F.R. § 208.4(b)(4) (1991).

Our dissenting colleague argues that a petitioner who moves to reopen in order to press an initial asylum claim need only offer a reasonable explanation for his failure to request asylum in a timely fashion (thus satisfying § 208.4(b)(4)) and need not also offer new facts (as required by § 3.2). He reasons that offering new facts is always a reasonable explanation for failing to raise an asylum claim earlier. Requiring a petitioner to satisfy § 3.2 therefore would make § 208.4(b)(4) a nullity. He suggests we avoid this result by construing the regulations to drop the new facts requirement for motions to reopen to raise initial asylum claims.

We are not at liberty to perform such major surgery on the BIA's regulations. Although there may be a degree of overlap between the "new facts" requirement and the "reasonable explanation" requirement, one can conceive of cases where a petitioner, for reasons best known to him, holds back evidence available at the deportation hearing for later use if necessary. The existence of

some overlap, however, does not warrant reading § 208.4, the asylum regulation, in a way that makes the evidentiary requirements of § 3.2 entirely inapplicable to motions to reopen for initial asylum claims.

The Supreme Court has not directly addressed the interpretive problem posed by the dissent. Nevertheless, in *Abudu*, when faced with a BIA decision denying a motion to reopen for a newly-raised asylum claim, it apparently assumed that a motion to reopen in such a case must satisfy the requirements of both sections:

> The BIA's regulation that provides for reopening of deportation proceedings, 8 C.F.R. § 3.2 (1987), applies to *all* motions to reopen, regardless of the underlying substantive basis of the alien's claim.

485 U.S. at 105–06 n. 10, 108 S.Ct. at 912–13 n. 10 (emphasis added).

Furthermore, the Court stated that the "BIA may deny a motion to reopen ... [because] the movant has not introduced previously unavailable material evidence, 8 C.F.R. § 3.2 (1987) [now § 208.4], or, in an asylum application case, that the movant has not reasonably explained his failure to apply for asylum initially, 8 C.F.R. § 208.11 (1987)." *Id.* at 104–05, 108 S.Ct. at 912. The conjunction "or" may imply that the only ground for denial of a motion to reopen to make an initial asylum claim would be a movant's failure to satisfy the reasonable explanation requirement. In light of the Court's statement of the broad applicability of § 3.2, however, the better reading of *Abudu* is that the new facts and the reasonable explanation requirements both apply to such motions and provide alternative grounds for denial. *See also, id.* at 108, 108 S.Ct. at 914 (indicating circumstances exist in which the BIA must inquire both "whether the alien has reasonably explained his failure to apply for asylum initially *and* [whether he] has indeed offered previously unavailable material evidence," (emphasis added, footnote omitted)). The language of *Abudu* hardly supports an interpretation, such as our dissenting colleague's, which would effectively read § 3.2 out of asylum cases.

Indeed, in *Doherty*, 502 U.S. 314, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), the Court reiterated the reasoning that it had adopted in *Abudu*. In discussing an alien's effort to reopen an asylum claim he had previously withdrawn, the Court applied *Abudu* to the case and held that:

> [T]he Attorney General did not abuse his discretion in denying reopening either on the basis that respondent failed to adduce new material evidence *or* on the basis that respondent failed to satisfactorily explain his previous withdrawal of these claims.

*Id.* (emphasis added).

While neither this Circuit nor any other has squarely addressed the interpretation issue that the dissent raises, *see* pp. 12156–12158 *infra*, the courts have consistently assumed that motions to reopen in asylum cases are subject to the dual requirements of §§ 3.2 and 208.4. *See, e.g., Abudu v. INS*, 802 F.2d 1096, 1101–02 (9th Cir.1986), *rev'd on other grounds*, 485 U.S. 94, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *Samimi v. INS*, 714 F.2d 992, 994 (9th Cir.1983); *M.A. A26851062 v. INS*, 899 F.2d 304, 308–09 (4th Cir.1990) (en banc); *Ogbemudia v. INS*, 988 F.2d 595, 600 (5th Cir.1993); *Bahramnia v. INS*, 782 F.2d 1243, 1245 (5th Cir.), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 352 (1986); *Sanchez v. INS*, 707 F.2d 1523, 1526–27 (D.C.Cir.1983).

Because we find that the BIA could lawfully base its denial of petitioner's motion on § 3.2, we must address petitioner's claim that, in applying § 3.2, the BIA abused its discretion. The BIA has "broad ... discretion ... to decide that the material adduced ... could have foreseen or anticipated at the time of the earlier proceeding." *Doherty*, 502 U.S. at 326, 112 S.Ct. at 726. In the instant case, petitioner's motion to reopen did not claim to offer evidence previously unavailable; it only explained his previous failures to claim asylum and described his activities in Honduras upon which he justifies his fear of prosecution. Accordingly, there was no basis upon which the BIA could have found that any new facts were being offered. Its denial of the motion was not an abuse of discretion.

PETITION DENIED.

REINHARDT, Circuit Judge, dissenting:

I respectfully dissent.

The issue here is whether a petitioner who has not previously filed for asylum and who moves to reopen deportation proceedings in order to file an asylum· application must simply provide a reasonable explanation for his failure to do so earlier, or whether he must also provide previously unavailable, material evidence to support his asylum claim. While the BIA and the majority believe that a petitioner must do both, I would find, on the basis of the language of the applicable provisions, our prior case law, and the rationale underlying the requirement of previously unavailable evidence, that a petitioner seeking to reopen deportation proceedings in order to apply for asylum need only meet the first requirement.[1]

Section 208 establishes procedures to be applied in asylum cases. 8 C.F.R. § 208.4 (1992) applies when a petitioner moves to reopen in order to file an initial asylum application after the conclusion of his deportation proceedings.[2] It provides, in relevant part, that

[i]f jurisdiction over the proceedings is vested in the Board of Immigration Appeals under part 3 of this chapter, an initial application for asylum and withholding of deportation shall be filed ... in conjunction with a motion to reopen or remand pursuant to 8 CFR 3.2 and 3.8 where applicable.

dispositive, read together they support the contention that a petitioner seeking to apply for asylum need only meet the requirements of § 208.4.

The Court relied on *Abudu* four years later when it stated that the petitioner had "failed to adduce new material evidence or ... to satisfactorily explain his previous withdrawal of [his request for asylum]." *INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 725, 116 L.Ed.2d 823 (1992). *Doherty* is a unique case from which little may be gleaned that is of relevance to the case before us. The petitioner in *Doherty* filed for asylum, withdrew the application, and later moved to reopen to apply for asylum. The Attorney General denied the motion, determining that the petitioner had not presented new material evidence, *id.*, and, alternatively, that he "had waived his claims for relief by withdrawing them at the first hearing to obtain a tactical advantage." *Id.* at 327, 112 S.Ct. at 727. Only two justices joined in Part III of the opinion, *id.* at 315–17, 112 S.Ct. at 721, which concluded that the alternative ground for denying the motion to reopen to be "the functional equivalent of a conclusion under 8 CFR § 208.11 (1987) that [petitioner] ha[d] not reasonably explained his failure to pursue his asylum." *Id.* at 327, 112 S.Ct. at 727. Accordingly, it is not at all clear that a majority of the Court found § 208.11 to be applicable in *Doherty*, let alone that it or its successor, § 208.4, applies in cases like ours where a petitioner has not previously filed for asylum.

1. As the majority concedes, the Supreme Court has not squarely addressed the issue raised by this petition. Instead, it has left us with only some inconclusive tea leaves. In *Abudu*, the Court considered "the standard a Court of Appeals must apply when reviewing the BIA's conclusion that an alien has not reasonably explained his failure to assert his asylum claim at the outset." *Abudu*, 485 U.S. at 104, 108 S.Ct. at 911–12. In addressing that question, the Court made several pertinent statements regarding the requirements for a motion to reopen for the purpose of filing a claim of asylum. For example, in discussing the then-relevant regulations, the Court stated that "the BIA may hold that the movant has not introduced previously unavailable, material evidence, 8 CFR § 3.2 (1987), or, *in an asylum application case, that the movant has not reasonably explained his failure to apply for asylum initially,* 8 CFR § 208.11 (1987)." *Abudu*, 485 U.S. at 104–05, 108 S.Ct. at 912 (emphasis added). By stating the proposition in the disjunctive, the Court appears to have made it clear that the requirements of §§ 3.2 and 208.11, which is now § 208.4, are separate and distinct, and that a motion to reopen in order to file a claim of asylum must comply only with the requirements of §§ 208.11 or 208.4. The Court later stated, more ambiguously, that "in a given case the BIA may determine, either as a sufficient ground for denying relief or as a necessary step toward granting relief, whether the alien has produced previously unavailable, material evidence (§ 3.2), and, *in asylum cases, whether the alien has reasonably explained his or her failure to request asylum initially* (§ 208.11)." *Id.* at 106–07, 108 S.Ct. at 913 (emphasis added). Despite the use of the conjunctive, we doubt that the Court intended to retreat from its earlier unequivocal statement. Rather, the use of the word "and" appears to be more a product of the manner in which the sentence is structured as a whole. While the two statements are hardly

2. Although petitioner applied for asylum in November of 1990, we apply the 1992 regulations. *See* 8 C.F.R. § 208.1 (stating that "[t]his part shall apply to all applications for asylum and withholding of deportation that are filed on or after October 1, 1990").

8 C.F.R. § 208.4(c)(3). It provides further that a motion to reopen accompanied by an initial application for asylum "must reasonably explain the failure to request asylum prior to the completion of the exclusion or deportation proceeding." 8 C.F.R. § 208.4(c)(4).

The main issue we face is how to construe the references in § 208.4, the asylum section, to §§ 3.2 and 3.8, the sections governing motions to reopen generally. The specific question is whether § 208.4 incorporates the substantive requirement of § 3.2,[3] specifically the requirement of previously unavailable, material evidence, or whether "pursuant to" refers only to the procedural requirements of §§ 3.2 and 3.8—the requirements that govern the filing and contents of motions to reopen.[4] I strongly disagree with the majority's view that the most reasonable construction is that a motion to reopen to file an asylum application is subject to the substantive requirements governing motions to reopen under § 3.2. I start with the observation that § 208.4 states only that the motion must be *filed* "pursuant to" §§ 3.2 and 3.8, thus suggesting that a motion need only comply with the procedural, as opposed to the substantive, requirements of those regulations. The former subsection in no way suggests that all the substantive provisions of §§ 3.2 and 3.8 apply automatically. Rather, § 208.4 provides only that an application must be *filed* pursuant to the requirements of those regulations *where applicable.* Nevertheless, because the requirements of § 3.2 are applicable to motions to reopen generally, the previously unavailable evidence standard of § 3.2 would probably apply to motions under § 208.4 if the latter section did not contain a specific substantive standard of its own—a less onerous one. The specific substantive standard contained in § 208.4 requires only a reasonable explanation of the failure to file initially, a far more appropriate

test for a first application than the standard set forth in § 3.2.

Moreover, were § 208.4 construed to incorporate the substantive standard of § 3.2, and thus to require a two-part test, the reasonable explanation standard of § 208.4 would become either redundant or a nullity. The discovery of previously unavailable evidence would not only satisfy § 3.2 but would seemingly always provide a reasonable explanation for the earlier failure to apply for asylum as well. Thus, § 3.2 would not truly be an additional standard. Practically, it would replace the standard established in § 208.4. *See INS v. Doherty,* 502 U.S. 314, 327 n. 10, 112 S.Ct. 719, 727 n. 10, 116 L.Ed.2d 823 (1992) (stating that "an offer of material evidence which was not available at the time of the hearing would, in most cases, also be an adequate explanation for failure to pursue a claim at an earlier proceeding"); *Duran v. INS,* 756 F.2d 1338, 1340 n. 1 (9th Cir.1985) (stating that a petitioner may satisfy the reasonable explanation requirement by providing newly discovered evidence). Conversely, even if a petitioner offered a reasonable explanation, his motion to reopen would fail unless he also offered previously unavailable, material evidence. Because construing § 208.4 to incorporate the substantive standard of § 3.2 would deprive the reasonable explanation standard of any meaning or effect, we must avoid that construction, if a reasonable alternative exists. *See, e.g., Shields v. United States,* 698 F.2d 987, 989 (9th Cir.), *cert. denied,* 464 U.S. 816, 104 S.Ct. 73, 78 L.Ed.2d 86 (1983) (stating "the rule of statutory construction that one provision should not be interpreted in a way ... that renders other provisions of the same statute inconsistent or meaningless"). Here, not only does a reasonable alternative exist, but that alternative is the only one that

---

3. Both parties agree that the part of § 3.2 on which the BIA relied is the following: "[m]otions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...." 8 C.F.R. § 3.2.

4. Section 3.2 provides that a motion to reopen a decision rendered by the BIA may be made by the party affected by the decision. 8 C.F.R. § 3.2. Section 3.8 provides, *inter alia,* that motions to reopen "shall be submitted in triplicate" and "state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 3.8(a).

affords substantial meaning to all parts of the regulation.

Where there is a conflict between two provisions, one specific and one general, we ordinarily apply the more specific one. *See Security Pac. Nat'l Bank v. Resolution Trust Corp.*, 63 F.3d 900, 904 (9th Cir.1995) (noting rule of statutory construction that "[g]enerally a more specific provision of an enactment prevails"). Here, in order to give effect to the substantive standard of § 208.4 (the regulation specifically governing motions to reopen in order to file initial asylum applications), only those portions of §§ 3.2 and 3.8 (the regulations governing motions to reopen generally) that govern filing and other procedural matters should be deemed applicable. In other words, the requirement that a petitioner provide a reasonable explanation applies and not the requirement that he show that he has newly discovered evidence that was previously unavailable.[5]

Our prior case law strongly supports the conclusion that a petitioner seeking to reopen proceedings to apply initially for asylum need not show that he is relying on previously unavailable, material evidence. In our prior cases involving motions to reopen to file applications for asylum, we have distilled the administrative language of the regulations into two requirements. *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir.1987); *Duran*, 756 F.2d at 1340 n. 1. We have held that a petitioner must first establish a prima facie showing of eligibility for relief, and second explain the failure to file the petition earlier.[6] *See Rodriguez*, 841 F.2d at 867; *see also Duran*, 756 F.2d at 1340 n. 1.[7] We have not, in such cases, required that a petitioner present previously unavailable, material evidence.

We have upheld the requirement of previously unavailable evidence only in the context of motions to reopen in order to provide *additional* evidence in cases in which the asylum claim had already been filed and ad-

---

**5.** I note that neither party asserts that the following part of § 3.2 is applicable or that the BIA relied on it:

> nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him and an opportunity to apply therefor was afforded him at the former hearing unless the relief is sought on the basis of circumstances which have arisen subsequent to the hearing.

8 C.F.R. § 3.2. The BIA neither mentions nor relies on this equally relevant portion of the regulation, presumably because it believes that it does not apply. For the same reason that this substantive rule does not apply to motions filed under § 208.4, I believe that the substantive rule relied on by the BIA—the requirement of previously unavailable, material evidence—is inapplicable.

**6.** In *Rodriguez*, we were faced with a motion to reopen proceedings based on an initial application for asylum. 841 F.2d at 866. The BIA assumed for purposes of its determination that the petitioners had offered a reasonable explanation for not applying for asylum at the deportation hearing, but decided that they had failed to establish a prima facie case of persecution. *Id.* at 867. We reversed but remanded to the BIA because it had not reached the issue of the petitioner's explanation and because it had requested the opportunity to make the initial determination on that question. *Id.* at 872. Nonetheless, we stated that if the BIA concluded that the petitioners' explanation was adequate, "it shall grant petitioners' motion to remand to the [immigra-

---

tion judge] for a hearing." *Id.* We did so even though the petitioners had presented no facts that were not known at the time of the deportation hearing.

In *Duran*, we reviewed the denial of a motion to reopen based on an initial application for asylum. Although we upheld the denial of Leonillo Duran's motion to reopen, and *one* of the bases for the denial below had been the failure to present previously unavailable evidence, we were not faced with the issue whether that requirement was applicable or valid. In *Duran*, the Immigration Judge had concluded that Duran had both not met the new evidence requirement and had not reasonably explained his failure to request asylum. Duran did not challenge those findings. 756 F.2d at 1339–40. Instead, he argued that he was unaware of his right to apply for asylum and withholding of deportation and that the Immigration Judge should have informed him of that right. *Id.* We upheld the denial on the ground that Duran had no right to be notified of his right to apply for asylum. *Id.* at 1341. Nonetheless, as in *Rodriguez*, in doing so, we described only two requirements for a motion to reopen after the conclusion of deportation proceedings: one, a prima facie showing of eligibility for relief, and two, a reasonable explanation for the failure to have applied for such relief earlier.

**7.** In the case before us, the BIA addressed neither of the two questions: whether petitioner established a prima facie showing of eligibility for asylum and whether he reasonably explained his failure to apply for asylum earlier.

judicated. *See Padilla–Agustin v. INS,* 21 F.3d 970, 970 (9th Cir.1994); *Aviles–Torres v. INS,* 790 F.2d 1433 (9th Cir.1986). For example, in *Padilla–Agustin,* where we upheld denial of the motion to reopen for failure to allege new evidence, 21 F.3d at 977–78, the petitioner had moved to reopen after the immigration judge had denied his initial applications for withholding of deportation and political asylum, *id.* at 972. Similarly, in *Aviles–Torres,* we required new evidence where the petitioner had previously been denied asylum by an immigration judge. 790 F.2d at 1435–36.

Thus, we have applied the substantive requirement of § 3.2 only in cases in which a petitioner seeks to reopen proceedings to have a previously denied asylum petition readjudicated, and not in cases in which a petitioner seeks to reopen proceedings to file an initial application for asylum. Put differently, we have found that a petitioner seeking to reopen to *apply* initially for asylum must, in addition to establishing a prima facie case of eligibility for such relief, only provide a reasonable explanation for his failure to file an asylum application earlier.

The distinction drawn by our case law is supported by an analysis of the interests served by the requirement of previously unavailable evidence. When a claim of asylum has already been litigated and denied, the requirement of previously unavailable evidence is consistent with our general rule of law. The motion to reopen in such a case can be analogized to a motion for a new trial on the basis of newly discovered evidence. See *Doherty,* 502 U.S. at 321–23, 112 S.Ct. at 724 (stating that motions to reopen are disfavored for the same reason as are motions for a new trial on the basis of newly discovered

evidence); *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 913, 99 L.Ed.2d 90 (1988). Requiring newly discovered evidence in order to reopen a case that has been litigated on the merits can be said to advance the "strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." *Abudu,* 485 U.S. at 107, 108 S.Ct. at 913.[8]

When, however, as in this case, the petitioner has not previously sought asylum, it is eminently fair and reasonable to permit him to file an initial claim of asylum after completion of his deportation hearing if he can provide a satisfactory explanation of his failure to request asylum earlier. In some cases, that explanation may in fact be that the petitioner has discovered previously unavailable evidence; in others, there may be a different but equally reasonable explanation. The point, however, is that as long as a petitioner has a valid reason that satisfies the purpose of the regulation, the BIA is not precluded from considering his application for asylum. Moreover, when a petitioner has not previously filed for asylum, and thus the matter has not previously been litigated, the analogy to a motion for a new trial fails, and no longer supports the requirement of previously unavailable evidence: the public interest in finality is diminished, and the interest in giving adversaries an opportunity to present their previously unheard cases is at its apex.[9]

Although a petitioner has a "heavier burden when he first advances his request for asylum in a motion to reopen," *Abudu,* 485 U.S. at 111, 108 S.Ct. at 915,[10] I would con-

---

**8.** As we recently explained in *Caruncho v. INS,* "Injustice results when new evidence that bears on a petitioner's claim is precluded from consideration; it does not result when *identical* facts are precluded from being presented in a different format." 68 F.3d 356, 361 (9th Cir.1995) (emphasis added).

**9.** I note that under my interpretation § 3.2 applies with full force when a petitioner seeks to supplement or amend a petition that has previously been denied by the Board. It is in such circumstances that a new evidence rule is generally most appropriate. The § 3.2 substantive

standard is deemed inapplicable only in those asylum proceedings governed by § 208.4, namely initial application cases. In such cases, it makes eminent sense to excuse the prior failure to apply for asylum if good cause is shown.

**10.** That burden is neither an impossible one nor does it relate to the requirement of previously unavailable, material evidence. As the Supreme Court has explained,

In passing on the sufficiency of [a motion to reopen to file an initial application for asylum], the BIA is entitled to attach significance to its untimeliness, both for the purposes of evaluat-

clude that to require previously unavailable evidence would be wholly inconsistent with the specific language of § 208.4, which requires only that a petitioner provide a reasonable explanation for his failure to apply for asylum prior to the conclusion of deportation proceedings. Accordingly, I would grant the petition and remand to the BIA with instructions to determine whether petitioner has made a prima facie showing of eligibility for asylum and whether he has reasonably explained his failure to apply for asylum earlier. I therefore dissent.

ing the probability that the movant can prove his allegations and for the purpose of determining whether the movant has complied with the regulation requiring a reasonable explana-tion for the failure to request asylum during the deportation proceeding.

*Abudu,* 485 U.S. at 111, 108 S.Ct. at 915.