**Pradeep Singh SHERGILL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70212.
INS No. A71–787–258.

United States Court of Appeals,
Ninth Circuit.

Submitted March 13, 2003.*

Decided March 19, 2003.

Before GOODWIN, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Pradeep Shergill petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his deportation proceeding based upon changed conditions in Fiji. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition.

■ We review for abuse of discretion the BIA's denial of a motion to reopen. *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). The BIA correctly determined that Shergill failed to attach to his motion a new application and any material documentation in support of his new claim for asylum based on recent changes in conditions in Fiji. Therefore, the BIA did not abuse its discretion by denying the unsupported motion. *See* 8 C.F.R. § 3.2(c)(1) (motion to reopen "must be accompanied by the appropriate application for relief and all supporting documentation"); *see also INS v. Wang,* 450 U.S. 139, 141, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981); *Lainez–Ortiz v. INS,* 96 F.3d 393, 396 (9th Cir.1996).

■ Although not required to do so, the BIA also evaluated Shergill's eligibility for asylum, finding that his application would fail even without this procedural defect. Because Shergill conceded he had not experienced past persecution, he was required to provide credible, direct, and specific evidence supporting an objectively reasonable fear of future persecution to

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

qualify for asylum. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc). Shergill presented only his own statement that family members warned him not to return because of the deteriorating political climate facing Indo–Fijians. Assuming *arguendo* that the BIA could have compensated for Shergill's lack of evidentiary support by taking administrative notice of the conditions in Fiji, "the petitioner cannot simply prove that there exists a generalized or random possibility of persecution in his native country; he must show that he is at particular risk—that his predicament is appreciably different from the dangers faced by his fellow citizens." *Kotasz v. INS*, 31 F.3d 847, 853 (9th Cir. 1994). Shergill presented no evidence of any individualized objectively reasonable fear of persecution. Thus, the BIA did not abuse its discretion in determining that Shergill had demonstrated general conditions of discrimination in Fiji not rising to the level of persecution. The scant evidence in the record does not compel a contrary finding. *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (motions to reopen are properly denied for failure to establish a prima facie case for the relief sought).

We lack jurisdiction to review Shergill's claim, made for the first time before us, that the BIA should have *sua sponte* exercised its discretion to reopen. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir.2001).

PETITION DENIED.