**Ji Wang CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71146.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Ji Wang Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of due process violations. *See Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000). We review the denial of a motion to reopen for abuse of discretion. *See De Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004). We deny the petition for review.

■ The BIA correctly construed Chen's motion to reopen as a motion to reconsider because the record shows that Chen provided no new evidence with his motion and simply sought further reconsideration of issues that were resolved before the immigration judge ("IJ") and the BIA in 2000 and 2001. *See* 8 C.F.R. § 1003.2(c)(1); *Lainez–Ortiz v. INS,* 96 F.3d 393, 395–96 (9th Cir.1996).

■ Furthermore, even if the motion were properly treated as a motion to reopen, the BIA correctly denied this motion as untimely because Chen failed to show the requisite diligence in pursuing his case and has provided no explanation for why

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

he filed his motion sixteen months after the BIA denied his previous motion to reopen and reconsider his case. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (recognizing equitable tolling of deadlines on motions to reopen "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long petitioner acts with due diligence in discovering the deception, fraud, or error.").

To the extent Chen argues that the BIA should have sua sponte reopened his motion despite its untimeliness, we lack jurisdiction to review this claim because the decision of the agency whether to invoke its sua sponte authority is committed to its unfettered discretion. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (internal citations omitted).

Chen's due process challenge is unpersuasive because the record shows that the IJ accepted and considered Chen's submissions and provided explicit and reasonable rulings on all aspects of his motion to reopen. Further, Chen had a full and fair opportunity to appeal the IJ's decision to the BIA. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (in order to prevail on a due process challenge, an alien must show both error and substantial prejudice).

Because we find that the BIA did not err in denying as untimely Chen's motion to reopen, we do not reach the question whether the BIA lacked jurisdiction to review this motion.

**PETITION FOR REVIEW DENIED.**