**Ashok KUMAR; Kumar Sarojini,**
**Petitioners,**

v.

**Alberto GONZALES, Attorney**
**General,\* Respondent.**

Nos. 02–70799, A72–134–
077, A72–134–078.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2005.\*\*

Decided March 17, 2005.

Miguel D. Gadda, Law Offices of Miguel D. Gadda, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Julia K. Doig, Esq., Francesco Isgro, DOJ—U.S. Department of Justice Civil, Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

Ashok Kumar and his wife, both ethnic Indians and citizens of Fiji, seek review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen their asylum and withholding of removal proceedings.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). Here, the Kumars merely submitted two unsigned, undated letters; two brief news articles regarding the situation in Fiji; and an unsigned, unsworn statement allegedly written by Ashok Kumar. In light of this sparse and unsubstantiated supporting documentation, the BIA did not act "arbitrarily, irrationally, or contrary to the law" in denying the

---

\* Attorney General Alberto Gonzales is substituted for the Immigration and Naturalization Service ("INS") as the proper respondent pursuant to Fed. R.App. P. 43(c)(2). The INS ceased to exist on March 1, 2003. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848 n. 1 (9th Cir.2003).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kumars' motion. *See Lainez–Ortiz v. INS*, 96 F.3d 393, 395–96 (9th Cir.1996). The Kumars failed to support their motion with affidavits or other evidentiary material that was unavailable and could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1). Moreover, the supporting documentation failed to establish prima facie eligibility for the underlying substantive relief requested by the Kumars. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir. 2003). Nor, as the Kumars contend, did the BIA err in failing to take administrative notice of the 2000 coup in Fiji sua sponte.

Because we deny the Kumars' petition for review, we do not reach the issue of whether their children are included in the motion as derivative asylum applicants.

PETITION FOR REVIEW DENIED.