**Amarjit Singh GHOTRA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 03–71873.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided May 4, 2006.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P 43(c)(2).

Vera A. Weisz, Esq., Attorney at Law, Los Angeles, CA, for Petitioner.

Anju Multani, Downey, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Janice K. Redfern, DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM **

Amarjit Singh Ghotra ("Ghotra") petitions for review of the BIA's decision dismissing his appeal of the IJ's denial of his petition for asylum and withholding of removal. The BIA affirmed the IJ on two grounds: (1) the government, through presentation of State Department reports, successfully rebutted any presumption of a well-founded fear of future persecution to which Ghotra was entitled; and (2) Ghotra had not shown sufficiently severe past persecution to warrant a grant of asylum on humanitarian grounds in the absence of such a well-founded fear. We review the BIA's denial of asylum on humanitarian grounds where the petitioner shows atrocious past persecution for an abuse of discretion. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir.2000). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law." *Lainez–Ortiz*, 96 F.3d 393, 395 (9th Cir.1996).

Even where there is no likelihood of future persecution, asylum can be warranted for humanitarian reasons where the petitioner demonstrates "atrocious forms of [past] persecution" on account of a protected ground. *See Matter of Chen*, 20 I & N Dec. 16, 1989 WL 331860 (1989) (developing this exception, later codified at 8 C.F.R. § 208.13(b)(1)(ii) (1999)). This court has refused to impose a "minimum showing of 'atrocity' necessary to warrant a discretionary grant of asylum based on past persecution alone," *Vongsakdy v. INS*, 171 F.3d 1203, 1207 (quoting *Kazlauskas v. INS*, 46 F.3d 902 (9th Cir. 1995)), and has resisted the BIA's attempts to impose strict requirements. *See Lal v. INS*, 255 F.3d 998 (9th Cir. 2001) (granting humanitarian asylum and rejecting the BIA's interpretation of the regulation codifying *Chen* as requiring demonstration of ongoing disability). In determining whether humanitarian asylum

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

is warranted, the BIA should consider whether a petitioner's experience is of "comparable severity to Chen's." *Vongsakdy,* 171 F.3d at 1207. The BIA did not provide any reasoning for denying asylum on humanitarian grounds, simply stating that Ghotra "has not shown sufficiently severe past persecution to warrant a grant of asylum in the absence of a well-founded fear of future persecution." AR 2. *See Lopez–Galarza,* 99 F.3d at 962 (reversing BIA's denial of humanitarian asylum where "[t]he BIA made no attempt to articulate why Lopez–Garaza's persecution was less 'atrocious' than that of the petitioner in *Chen.*").

The record does not support the BIA's conclusion. In Chen's case, his father was tortured, and Chen himself was locked in a room for 6 months, suffered head injuries that required a month of intensive medical treatment, and was sent to rural villages for re-education during the Chinese "cultural revolution," where he was denied medical care, suffered a month-long fever, and was once locked in a closet for five hours. *Chen,* 20 I. & N.Dec. at 20. Ghotra's suffering, as described in the record appears to be at least comparable. He was beaten repeatedly, often with wooden rollers, wooden sticks, or leather belts. He was hung upside down, and given electrical shocks in his mouth. He was detained and beaten for over a year, cumulatively. The beatings left him with internal injuries. After one release, he was unable to walk for some six months, and after another release, he needed medical care from his uncle, a doctor. He and his family were threatened. His family spent substantial sums on bribes to gain his release. His father's death was mocked. His cousin was killed. It was both arbitrary and irrational for the BIA to fail to compare Ghotra's intense and repetitive suffering to Chen's, as it is required to do.

We do not reach the other issues raised in Ghotra's petition for review. We grant the petition for review and remand to the BIA for proceedings consistent with this memorandum. We retain jurisdiction over this and future cases.

PETITION GRANTED.