**Tharwat Khaled ISSA; Dana Issa, Petitioners,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 03–74353.**

United States Court of Appeals, Ninth Circuit.

Argued: April 11, 2007.

Submitted: Oct. 15, 2007.

Filed June 3, 2008.

Alan M. Anzarouth, San Diego, CA, for Petitioners.

Kathryn L. Deangelis, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, D.C., CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before: CANBY, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM \*\*

Tharwat Khaled Issa ("Tharwat") and Dana Issa ("Dana"), mother and daughter (collectively, "Applicants"), are ethnic Palestinians who were born in and are citizens of Jordan. The Applicants petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming and adopting the decision of the Immigration Judge ("IJ"), which denied the Applicants' requests for asylum and withholding of removal and ordered them excluded from the United States. Dana is the derivative beneficiary of Tharwat's application. The Applicants also claim that it was error for the BIA to reinstate the appeal without remanding to the IJ to adjudicate their claim of ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252.

When the BIA cites its decision in *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc). We review for substantial evidence the BIA's determination that the Applicants have failed to demonstrate eligibility for asylum. *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). We review for an abuse of discretion the BIA's decision not to remand the Applicants' case to the IJ. *See Kon-*

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*stantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999).

Substantial evidence supports the IJ's finding that, even though Tharwat's testimony was credible, the relatively brief episodes of questioning to which government authorities subjected Tharwat during her visit to Jordan, and some delay in renewing her passport, do not constitute past persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1100–01 (9th Cir.2000). Similarly, the government authorities' treatment of Tharwat's husband prior to his marriage with Tharwat neither constitutes past persecution with respect to the Applicants nor warrants a well-founded fear of future persecution on their part. *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (violence against petitioner's family and friends must "create a pattern of persecution closely tied to the petitioner"). No other bases for a well-founded fear of future persecution were established. Accordingly, the Applicants' asylum claims fail.

Because the Applicants failed to establish eligibility for asylum, they necessarily failed to meet the more stringent "clear probability" standard for withholding of removal. *Molina–Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir.2001).

Finally, the BIA's decision not to remand the case for further proceedings before the IJ was not arbitrary, irrational, or contrary to law, and therefore, was not an abuse of discretion. *Lainez–Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.