FILED

NOT FOR PUBLICATION

MAR 21 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANA BELLA DUBON-SOTO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-70100

Agency No. A077-123-519

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2011[**]
Pasadena, California

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Ana Bella Dubon-Soto, a native and citizen of Honduras, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing her

appeal from an immigration judge's ("IJ") order denying her motion to reopen,

following an *in absentia* order of removal. The BIA's denial of a motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

is reviewed for abuse of discretion. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (quoting *Lainez-Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996)). Our jurisdiction is governed by 8 U.S.C. § 1252, and we grant in part and dismiss in part the petition for review.

Under 8 U.S.C. § 1229a(b)(5)(A), if an alien fails to appear at his removal hearing, the alien " shall be ordered removed *in absentia* if the [government] establishes by clear, unequivocal, and convincing evidence that . . . written notice [of the hearing] was . . . provided [to the alien or the alien's counsel of record] and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). However, an order of removal entered *in absentia* may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice" of the removal hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(iii)(A)(2).

The BIA abused its discretion in affirming the IJ's denial of the motion to reopen. The IJ based its denial on a finding that Dubon-Soto was personally served with the Notice to Appear and was properly notified of the date, time, and place of the removal hearing. This finding is without any support in the record. The Immigration Court did issue a Notice of Hearing, but the Certificate of Service

attached to it does not indicate that it was served either upon Dubon-Soto or her counsel of record. The checkboxes that might tend to show that either Dubon-Soto or her attorney were served with the Notice of Hearing are both blank. The checkboxes indicate service *only* upon the former Immigration and Naturalization Service. Moreover, the Certificate of Service does not indicate whether the Notice was served personally or by mail. There is no additional evidence in the administrative record showing that Dubon-Soto was served by mail at the address she provided.

We have previously recognized that "[n]on-receipt [of the Notice of Hearing] may be shown by a single piece of evidence, such as when evidence shows that an incorrect address was used." *Sembiring v. Gonzales*, 499 F.3d 981, 988 (9th Cir. 2007). Here, the Notice of Hearing itself demonstrates that Dubon-Soto was not served with the document, and the government offered no other evidence that notice was provided.

Because Dubon-Soto's removal order was entered *in absentia*, our jurisdiction is limited to the validity of the notice, the reasons for the alien's absence from the proceeding, and the alien's removability. 8 U.S.C. § 1229a(b)(5)(D). Therefore, we lack jurisdiction to review Dubon-Soto's

contentions regarding her eligibility for temporary protected status.

**Petition for review is GRANTED IN PART, DISMISSED IN PART, and REMANDED to the BIA for further proceedings. The government shall bear the costs of this appeal.**

4