**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES BERTRAND,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-72089

Agency No. A071-553-292

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 14, 2011
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BYBEE, Circuit Judges.

Charles Bertrand petitions for review of a decision by the Board of

Immigration Appeals ("BIA") ordering Bertrand removed to Haiti and denying

Bertrand's petitions for asylum, withholding of removal, and deferral of removal.

As the facts are known to the parties, we repeat them here only as necessary.

I

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Bertrand first argues that the BIA erred when it determined that he was ineligible for asylum and withholding of removal because his conviction for Sale of Cannabis in 2001 constituted a "particularly serious crime." *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). We have jurisdiction to review such a determination. *See Delgado v. Holder*, No. 03-74442, slip op. 11057, 11062 (9th Cir. Aug. 19, 2011) (en banc). "An offense need not be an aggravated felony to be a particularly serious crime," and the BIA "has the authority to designate offenses as particularly serious crimes through case-by-case adjudication of applications for asylum and withholding of removal." *Id.* In determining that Bertrand's conviction for Sale of Cannabis constituted a conviction for a "particularly serious crime," the BIA explained that drug trafficking felonies presumptively constitute particularly serious crimes, and that Bertrand had failed to rebut the presumption. *See In re Y-L-*, 23 I. & N. Dec. 270, 276–77 (BIA 2002). The BIA also explained that Bertrand was convicted concurrently of a separate drug offense, and that he sold drugs while on probation for aggravated battery, thereby violating his probation. *See In re Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982) (establishing factors relevant to a "particularly serious crime" determination); *see also Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010). We conclude that the BIA properly applied the *Frentescu* factors and that Bertrand failed to

2

"demonstrate extraordinary and compelling circumstances that [would] justify treating [his] drug trafficking" offense as anything other than a particularly serious crime. *In re Y-E*, 23 I. & N. at 276.[1]

## II

Bertrand also argues that the BIA abused its discretion when it remanded his case to the Immigration Judge ("IJ") in 2008 for further proceedings. Bertrand has failed, however, to demonstrate that the BIA acted "arbitrarily, irrationally, or contrary to the law" when it remanded the case to the IJ. *See Lainez-Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996); *see also* 8 C.F.R. § 1003.2(a).

## III

Finally, Bertrand argues that the BIA erred in determining that he is ineligible for deferral of removal under the CAT. Nevertheless, the BIA properly relied on the State Department's Haiti Country Report on Human Rights Practices, 2007 ("Country Report"), which indicated that Haiti no longer detains every repatriated citizen with a criminal record indefinitely. *See Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008). The Country Report clarified that Haiti only

---

[1] Our court has not yet decided on a standard under which to review BIA adjudications of this nature, *see Delgado*, No. 03-74442, slip op. at 11063, and we decline to determine the proper standard of review here. Even reviewing the BIA's determination de novo, we are satisfied that the BIA did not err in concluding that Bertrand had been convicted of a particularly serious crime.

detains those who were previously convicted of a crime *in Haiti*. Bertrand has no such prior conviction. Substantial evidence therefore supports the BIA's determination that Bertrand was not likely to be "tortured at the instigation of, or with the acquiescence of the [Haitian] government." *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008); *see also* 8 C.F.R. § 1208.17(a).

For the foregoing reasons, Bertrand's petition for review is **DENIED**.