**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEWAKEBT LISSANE-WORK MELAKU, | No. 09-70193 |
| Petitioner, | Agency No. A071-625-112 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2013[**]
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and VANCE, Chief
District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sarah S. Vance, Chief District Judge for the U.S.
District Court for the Eastern District of Louisiana, sitting by designation.

Petitioner Kewakebt Lissane-Work Melaku ("Petitioner") petitions this court for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen her asylum proceedings as untimely. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny her petition.

"This court reviews BIA denials of motions to reopen for abuse of discretion." *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). "The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law.'" *Movsisan v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (quoting *Lainez-Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996)).

"Generally, a party wishing to file a motion to reopen must do so within ninety-days." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citing 8 C.F.R. § 1003.2.(c)(2)). "However, the ninety-day time limit does not apply where the motion to reopen is 'based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.'" *Id.* (quoting § 1003.2(c)(3)(ii)). "The BIA can deny a motion to reopen on any one of 'at least' three independent grounds – '[1] failure to establish a prima facie case for the relief sought, [2] failure to introduce previously unavailable, material evidence, and [3] a determination that even if

2

these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" *Id.* (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). "The Supreme Court has instructed that '[t]he granting of a motion to reopen is . . . discretionary, and the Attorney General has 'broad discretion' to grant or deny such motions.'" *Id.* (quoting *Doherty*, 502 U.S. at 323)).

Petitioner filed her motion more than ninety days following entry of the final administrative order of removal, but she contends that changed country conditions pertaining to Ethiopia's treatment of political opponents, combined with changes in her personal circumstances, nonetheless justify reopening her proceedings. We do not agree.

The BIA reasonably determined Petitioner's evidence showed that the Ethiopian government has a long history of mistreating members of the political opposition. Since this information was considered in her original proceedings, it does not give rise to changed circumstances justifying reopening now. Moreover, the BIA considered and reasonably rejected Petitioner's argument that her recent political activities, which constitute a change in her personal circumstances as opposed to a change in country conditions, warrant reopening. *See He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007). Finally, Petitioner offered no evidence that

3

the Ethiopian government is even aware of her support for its political opposition.

Petitioner's petition for review of the BIA's denial of her motion to reopen is

**DENIED.**