**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURBINDER SINGH, | No. 12-71751 |
| Petitioner, | |
| v. | Agency No. A089-555-571 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Gurbinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reconsider the

BIA's prior order of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of motions to reconsider or to reopen.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reconsider because Singh failed to specify any error of fact or law in the BIA's previous decision.  *See* 8 C.F.R. § 1003.2(b)(1).  Further, in construing Singh's motion as a motion to reopen, the BIA did not abuse its discretion in denying the motion because Singh failed to support it with new, previously unavailable evidence.  *See* 8 C.F.R. § 1003.2(c)(1); *see also Lainez-Ortiz v. INS*, 96 F.3d 393, 396 (9th Cir. 1996).  We reject Singh's contentions that the BIA ignored evidence, applied an incorrect legal standard, or otherwise improperly analyzed his motion.

Finally, we lack jurisdiction to consider any contentions by Singh challenging the BIA's December 21, 2011 order because the petition for review is untimely as to that order.  *See* 8 U.S.C. § 1252 (b)(1); *see also Stone v. INS*, 514 U.S. 386, 405-06 (1995).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.