**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ESEQUIEL GARCIA ORTA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-70830 <br><br> Agency No. A091-696-407 <br><br> MEMORANDUM[*] |
| ESEQUIEL GARCIA ORTA, AKA Esequiel Garcia, AKA Esiquiel Garcia Deotra, AKA Esequiel Orta, AKA Esequiel Garcia Orta, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73672 <br><br> Agency No. A091-696-407 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

 \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 12, 2016[]
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

In this consolidated case, Esequiel Garcia Orta petitions from the Board of Immigration Appeals' denial of his two motions to reopen the proceedings.

Although Garcia Orta filed a timely motion to reopen, he did not attach his supporting documents.  As the BIA noted, the immigration judge held the record open until the deadline for motions to reopen, in case Garcia Orta submitted his supporting documents within the time period, but Garcia Orta did not do so.  Garcia Orta's argument that the immigration judge's failure to allow him to supplement the record after the time period expired fails because whatever arguable claim Garcia Orta might have had for reopening, the immigration judge's failure to extend the deadline did not rise to the level of a due process violation.  In Yeghiarzaryan v. Gonzales, 439 F.3d 994, 999 (9th Cir. 2004), unlike this case, the alien was deprived of the full 90 days in which to submit his new evidence.  Orta received "a fair opportunity to present his case."  Id. at 1000.  Therefore we need

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

not decide whether the agency's alternative ground for denying Garcia Orta's motion, defective service, was supported.

Garcia Orta then filed a second motion to reopen, after the deadline had passed, but the evidence he submitted with it, articles concerning the treatment of the blind in Mexico and declarations regarding his own condition, was duplicative of and predated his first claim, so he did not demonstrate it was unavailable at the time of his hearing. <u>Najmabadi v. Holder</u>, 597 F.3d 983, 991 (9th Cir. 2010). The BIA accordingly did not abuse its discretion in denying Orta's motions to reopen. <u>See</u> <u>Lainez-Ortiz v. INS</u>, 96 F.3d 393, 396 (9th Cir. 1996).

**PETITION DENIED.**