**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMRIT BASTOLA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-388

Agency No.
A209-876-538

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2023[**]
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and JACKSON,[***]
District Judge.

Amrit Bastola, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals's ("BIA") decision denying his motion to reopen

proceedings based on changed country conditions in Nepal. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian A. Jackson, United States District Judge for the Middle District of Louisiana, sitting by designation.

jurisdiction under 8 U.S.C. § 1252 and review the denial of a motion to reopen for abuse of discretion. *Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1003 (9th Cir. 2014). We grant the petition and remand for further proceedings because the BIA applied the wrong legal standard when it determined that Bastola is not entitled to relief.

The BIA can deny a motion to reopen for "failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). Here, the BIA assumed for purposes of its order that Bastola carried his burden of showing a "material change in country conditions"—that is, Bastola's persecutors (the "Maoists") now govern Nepal. Nevertheless, the BIA determined that Bastola failed to establish a prima facie basis for relief because he did "not argue or otherwise demonstrate that the change in country conditions makes internal relocation unreasonable."

The error is this: By assuming the existence of the changed conditions Bastola alleges—*i.e.*, that the Maoists now control the Nepali government—Bastola was entitled to a presumption "that internal relocation would not be reasonable," thereby shifting the burden to the Department of Homeland Security ("DHS") to "establish[] by a preponderance of the evidence

that, under all the circumstances, it would be reasonable for [Bastola] to relocate." 8 C.F.R. § 1208.13(b)(3)(ii); *see, e.g.*, *Fakhry v. Mukasey*, 524 F.3d 1057, 1065 (9th Cir. 2008) (granting petition and remanding for additional proceedings where the IJ failed to apply "the presumption that the threat of persecution exists nationwide and that relocation is therefore unreasonable"). The BIA's order does not account for this presumption in Bastola's favor, or the shifted burden to DHS. Indeed, the BIA denied Bastola relief without requiring a response from DHS.

The BIA's failure to give Bastola the benefit of the presumption amounts to a failure to apply the correct legal standard, and is therefore an abuse of discretion. *See Velasquez-Escovar*, 768 F.3d at 1003 (quoting *Lainez–Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996)) ("The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law.'"). Accordingly, we grant the petition for review, and remand for the BIA to apply the proper presumption when assessing internal relocation.

**PETITION GRANTED** and **REMANDED** for further proceedings.