**Emran Enayat KHUWAJA, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–73494, A77–433–738.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2005.\*\*

Decided March 17, 2005.

Law Offices of James G. Roche, Santa Ana, CA, for Petitioner.

Regional Counsel Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Elizabeth A. Rinaldo, Esq., Washington, DC, for Respondent.

Before HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Emran Enayat Khuwaja ("Khuwaja") seeks review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his motion to reopen his removal proceedings. On appeal, Khuwaja contends that the BIA erred in not reopening his case on the basis of ineffective assistance of counsel.

We review the denial of a motion to reopen for abuse of discretion. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). Where the BIA affirms the IJ's decision without opinion, as is the case here, "the IJ's decision becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir.2004) (internal quotation marks omitted).

Although ineffective assistance of counsel may qualify as an exceptional circumstance warranting rescission of an order of removal, *see Lo v. Ashcroft*, 341 F.3d 934, 936–37 (9th Cir.2003), by regulation, a petitioner has only 180 days to file a motion to reopen an in abstentia order of removal based on exceptional circumstances, 8 C.F.R. § 1003.23(b)(4)(ii). This 180–day deadline may be tolled, however, "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003).

Here, Khuwaja was ordered removed in abstentia on August 29, 2000, and filed a motion to reopen nearly two years later on July 5, 2002. His motion was supported by a memorandum from Khuwaja's attorney and copies of complaints against his former attorneys filed with the California State Bar, but his lawyer failed to include an affidavit by Khuwaja or other evidentiary materials. In view of this insubstantial evidence supporting Khuwaja's request for equitable tolling, the IJ did not act "arbitrarily, irrationally, or contrary to the law" in denying the motion. *Lainez–Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir.1996). Nor did the BIA err by refusing to consider previously available evidence first offered on appeal. *See In re Grijalva*, 21 I. & N. Dec. 27, 36–37 (1995). Because we conclude that Khuwaja's claim is barred by the 180–day limitation period, we do not reach the issue of whether exceptional circumstances support his motion to reopen.

It is unfortunate that Khuwaja's deficient legal representation has so hindered the entire course of his immigration proceedings. On this record, however, we are unable to grant him any relief.

PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.